IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **TED BRIGHT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 17-2529-JWL-GEB |
| ) | |
| **BHCMC, LLC, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant BHCMC, LLC's Motion for Determination of Place of Trial (**ECF No. 21**). The Court has considered the motion and supporting memorandum (ECF No. 22), as well as Plaintiff's Response (ECF No. 26) and BHCMC's Reply (ECF No. 27). For the reasons set forth below, BHCMC's motion is **GRANTED** and the trial of this matter shall take place in Wichita, Kansas.

### I.   Background[1]

This case arises from a slip-and-fall accident which occurred in the parking lot of BHCMC (*dba* the Boothill Casino) in Dodge City, Kansas. Plaintiff, a resident of the State of Texas, was visiting the casino on business in November 2015. After exiting his car in the casino parking lot, he slipped and fell on ice, hitting his head and resulting in

---

[1] The information recited in this section is taken from the Court's Electronic Filing System, the parties' briefs regarding the pending motion (ECF Nos. 21, 22, 26, 27); and Plaintiff's Complaint (ECF No. 1). This background information should not be construed as judicial findings or factual determinations.

brain hemorrhaging. After his fall, Plaintiff was initially treated by medical providers and in facilities in both Dodge City and Wichita, Kansas. He spent almost a month (ECF No. 22 at 6) at Via Christi hospital in Wichita, Kansas, and was later transferred to an inpatient facility in Houston, Texas and a rehabilitation center in Conroe, Texas.

Plaintiff initially filed suit against multiple entities he contended either owned or operated the casino, along with Steve's Welding and Repair, LLC—a Dodge City company he claims was responsible for maintaining the condition of the parking lot. Plaintiff later dismissed a number of the alleged ownership entities, and his lawsuit is now focused on negligence claims against BHCMC and against Steve's Welding, and its owner, Steven Deges.

Plaintiff filed this case on September 12, 2017 and designated Kansas City, Kansas as the place of trial (ECF No. 1 at 7). On October 25, 2017, defendant BHCMC filed its motion seeking to change the place of trial to Wichita, Kansas (ECF No. 21). The motion is now ripe for decision.

## II.   Arguments

BHCMC argues Wichita is substantially more convenient for the trial of this case. It contends Plaintiff's residence in Texas is actually closer to Wichita. Also, a majority of the witnesses likely to be called are located in either Dodge City or Wichita, given that the accident occurred in Dodge City and the initial medical providers are in Dodge City and Wichita. All defense counsel are located in Wichita. The only connection this

matter has with Kansas City is the location of Plaintiff's counsel, although BHCMC itself is headquartered in Kansas City.

Plaintiff maintains there is no perfect place to hold the trial, and neither location is more convenient than the other. He argues a trial in Wichita would only serve to shift attorney travel expenses from Defendants to Plaintiff, and Plaintiff could more economically travel to Kansas City by direct flight than to Wichita. Although Plaintiff permanently resides in Livingston, Texas, he currently works in Mendenhall, Mississippi. His employment records and witnesses are found in Oklahoma and Mississippi, and his family witnesses and medical specialists dealing with his chronic care are all located in Texas. Finally, Plaintiff contends he retained counsel in Kansas City and requested Kansas City as the place of trial for all of these reasons, and his choice should be given paramount consideration.

Although defendant BHCMC filed the motion, it indicates the Steve's Welding defendants agree Wichita is a more convenient place for trial (ECF No. 22 at 4, ¶ 13). The Steve's Welding defendants did not file a formal response.

### III. Legal Standard

Although the party initiating a federal case must designate its preferred place of trial, the "court is not bound by the requests for place of trial. It may determine the place of trial upon motion or in its discretion." D. Kan. Rule 40.2(e). When reviewing motions

3

to determine place of trial, the judges in this district have long applied the factors relevant to a 28 U.S.C. § 1404(a) motion for change of venue.[2]

> … This statute grants a district court broad discretion in deciding a motion to transfer based on a case-by-case review of convenience and fairness. The court considers the following factors in determining whether to transfer the case: (1) plaintiff's choice of forum; (2) the convenience of the witnesses; (3) the accessibility of witnesses and other sources of proof; (4) the possibility of obtaining a fair trial; and (5) all other practical considerations that make a trial easy, expeditious and economical.
> 
> The party seeking to transfer the case has the burden of proving that the existing forum is inconvenient.[3]

The Court considers the applicable factors below.

## IV. Discussion

### A. Plaintiff's Choice of Forum

Unless the balance tips heavily in favor of transfer, the plaintiff's choice of forum is generally of significant weight.[4] However, "when the plaintiff does not reside in the chosen forum, the rationale for allowing plaintiff to dictate the forum evaporates."[5] Plaintiff has designated Kansas City, Kansas as the place of trial but he resides in Livingston, Texas—approximately 578 miles from the Wichita courthouse and approximately 677 miles from the Kansas City court. This 100-mile difference, on its own, is not enough to shift the balance one way or another. The facts giving rise to the

---

[2] *Lopez-Aguirre v. Bd. of Cnty. Comm'rs of Shawnee Cnty., KS*, No. 12-2752-JWL, 2014 WL 853748, at *1 (D. Kan. Mar. 5, 2014); *see also Taher v. Wichita State Univ.*, No. 06-2132-KHV-DJW, 2007 WL 1149143, at *1 (D. Kan. Apr. 18, 2007)(citations omitted).

[3] *Lopez-Aguirre*, 2014 WL 853748, at *1.

[4] *Id*.

[5] *Smith v. Staffmark Temp. Agency*, No. 07-2089-CM-GLR, 2007 WL 2436669, at *1 (D. Kan. Aug. 22, 2007) (quoting *Spires v. Hosp. Corp. of Am.*, No. 06–2137-JWL, 2006 WL 1642701, at *2 (D. Kan. June 8, 2006)).

4

lawsuit have no connection to Kansas City, and Plaintiff provides no personal connection to Kansas City, aside from his choice of counsel there.

Despite this lack of connection, Plaintiff contends his choice should remain a factor for consideration. Plaintiff relies on the case of *Nkemakolam v. St. Johns*,[6] a case in which the court afforded plaintiffs' choice of trial location some weight because the plaintiffs lived in neither proposed forum. However, that case is distinguishable on its facts. In *Nkemakolam*, all plaintiffs lived out of state, as does Plaintiff here, but the venue dispute was between Kansas City—the location of a large international airport—and Topeka, a city only one hour from Kansas City with a much smaller regional airport. No parties or witnesses were located in either forum, and though the defendant and some witnesses were closer to Topeka, the larger airport made travel to Kansas City considerably more accessible and economical for all plaintiffs and a majority of witnesses.[7]

Like *Nkemakolam*, in this case neither party is located in either potential forum. But some witnesses are located in Wichita, and those parties and witnesses in Dodge City are considerably closer to Wichita. And, unlike the choice facing the *Nkemakolam* court, the question before this Court is between Wichita and Kansas City. Wichita bears a much larger national airport than *Nkemakolam*'s option of Topeka, making out-of-state travel comparable to either location. Issues of convenience are addressed in more detail

---

[6] *See Nkemakolam v. St. John's Military School*, No. 12-2132-JWL, 876 F.Supp.2d 1240, 1248 (D. Kan. June 26, 2012) (finding that the court's deference to plaintiffs' choice of forum is lessened by the fact that they do not reside in Kansas, but the plaintiffs' residence out-of-state and the presence of large airport makes Kansas City a more convenient forum).
[7] *See id.*

5

below, but while *Nkemakolam* bears some resemblance, the Court does not find it entirely persuasive to Plaintiff's position.

Because the "facts giving rise to the lawsuit have no material relation or significant connection to"[8] Kansas City, Plaintiff's "choice of forum is given reduced weight."[9]

### B. Convenience and Accessibility of Evidence

The next factor the Court considers is the convenience and accessibility of witnesses and other sources of proof. When the weight of Plaintiff's choice of forum is reduced, the "relative convenience of the forum is a primary, if not the most important, factor to consider in deciding a motion to transfer."[10] The selected forum must be "substantially inconvenient" to merit a change in Plaintiff's chosen place of trial.[11] Kansas courts have interpreted "substantially inconvenient" to mean a majority, if not all, witnesses must travel from a different forum, creating a substantial burden for those witnesses.[12]

After the briefing on the current motion was complete, the Court had the opportunity to review the witnesses listed on each of the parties' Rule 26(a) initial

---

[8] *Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F. Supp. 667, 669 (D. Kan. 1993).
[9] *Id.*
[10] *McIntosh v. City of Wichita, KS*, No. 14-2402-DDC-TJJ, 2015 WL 1646402, at *2 (D. Kan. Apr. 14, 2015) (citing *Menefee v. Zepick*, No. 09–2127–JWL, 2009 WL 1313236, at *2 (D. Kan. May 12, 2009)).
[11] *Id.*
[12] *Id.* (collecting cases discussing the potential disruption to witnesses which would be caused by travel to the selected forum).

disclosures.[13] Those witnesses not located in the Dodge City or Wichita areas are Plaintiff, his family members, his employer, and his unspecified health care providers—all of which are located in either Texas or Mississippi. All of these potential out-of-state witnesses would be forced to travel for trial, regardless of whether trial is held in Kansas City or Wichita. And with both Kansas City and Wichita bearing considerable airports, neither location is more convenient than another for either Plaintiff or the witnesses. Although Plaintiff contends he and his family can travel more economically by direct flight to Kansas City than to Wichita, he provides no direct evidence in support of this statement. Likewise, BHCMC concedes flights to Wichita may include a stop, but argues Wichita flights are similar in cost. Neither party provides actual flight comparisons for the Court's use; therefore the Court does not assume one location is more economical than the other.[14]

The convenience analysis, then, comes down to the location of the in-state parties and fact witnesses, and the Court's ability to compel the attendance of non-parties. Plaintiff cannot dispute the vast majority of in-state witnesses live in or nearest Wichita. He argues the Steve's Welding and casino defendants will be forced to come to trial

---

[13] The parties submitted their Fed. R. Civ. P. 26(a) initial disclosures by email to chambers, and they are maintained in the chambers' file (*see* Initial Order Regarding Planning and Scheduling, ECF No. 25).

[14] *See, e.g., Callahan v. Bledsoe*, No. 16-2310-JAR, 2017 WL 1303269, at *3-4 (D. Kan. Apr. 6, 2017) (granting defendant's motion to transfer place of trial from Kansas City to Wichita, and noting both Kansas City and Wichita have "sizeable airports, and to the extent that Plaintiff requests this Court take judicial notice of a price difference in the Wichita airport and the Kansas City airport, the Court declines to do so based on the briefing presented." The court also found the "out-of-state witnesses . . .will bear the burden of travel regardless of whether the trial is in Wichita or Kansas City. The Court does not agree that because witnesses will be coming from out of state, the trial should be held in Kansas City.")

regardless of location, and the Court concurs. But the requirement that parties or witnesses come to trial does not mean their proximity to Wichita should simply be ignored. A majority of the in-state witnesses listed on the parties' Rules 26 disclosures are casino employees, many of whom were directly involved in responding to Plaintiff's fall, along with other representatives of Defendants—all located in Dodge City, Kansas. A trial in Kansas City would require the Dodge City parties and witnesses to travel approximately 336 miles one way (ECF No. 22-2). Holding the trial in Wichita reduces their travel by half, to 158 miles (ECF No. 22-2).

The remaining witnesses named in the parties' disclosures fall into two categories: Plaintiff's out-of-state witnesses, including his more recent medical providers; and Plaintiff's Wichita medical providers who provided care immediately following his fall. The Court cannot compel the attendance of Plaintiff's out-of-state witnesses, and the convenience for those witnesses was discussed above. But Plaintiff's Wichita medical providers can be compelled to attend trial, if the trial is held in Wichita, under Fed. R. Civ. P. 45(c)(1).[15] Conversely, if the trial is conducted in Kansas City, the Court loses the ability to compel the testimony of any of Plaintiff's treating physicians.

All parties and potential witnesses either reside in or nearest Wichita, or are equally capable of travel to Wichita and Kansas City. Other sources of proof are more accessible in Wichita because Plaintiff's injury occurred only 158 miles west of Wichita,

---

[15] Fed. R. Civ. P. 45(c)(1) provides, "A subpoena may command a person to attend a trial, hearing, or deposition only as follows: (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party or a party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense."

8

and his initial medical care was provided in Wichita. The underlying facts of the case, and the location of witnesses, simply have nothing to do with Kansas City. Therefore, the Court finds Kansas City to be a "substantially inconvenient"[16] forum, weighing considerably in favor of changing the location of trial.

### C. Fair Trial

Neither party advances an argument that either forum would result in an unfair trial. Therefore, this factor is neutral to the analysis.

### D. Other Practical Considerations

In addition to the above factors, the Court may also consider any aspects which could make the trial "easy, expeditious and economical."[17] When doing so, the Court may weigh the "'costs in the form of mileage, meals, and hotel expenses' incurred by holding the trial in Kansas City as opposed to Wichita."[18] As discussed, out-of-state witnesses will incur similar costs in either location. But expenses for Wichita and Dodge City witnesses would undoubtedly be increased if the trial were held in Kansas City. The overall costs of trial would be reduced if the trial were moved to Wichita.

And, while it may be a factor to consider, the Court gives "little if any weight" to the location and convenience of counsel.[19] If the trial remains in Kansas City,

---

[16] *McIntosh*, 2015 WL 1646402, at *2 (finding "Plaintiff's proposed forum must be 'substantially inconvenient' to warrant a change in forum.").
[17] *Lopez-Aguirre*, 2014 WL 853748, at *1.
[18] *Callahan*, 2017 WL 1303269, at *5 (citing *Hughes v. Blue Cross & Blue Shield of Kan., Inc.* No. 12-2339-JTM, 2012 WL 3644845, at * 4 (D. Kan. Aug. 24, 2012)).
[19] *McIntosh*, 2015 WL 1646402, at *3 (citing *Jones,* 2007 WL 1173053, at *2). *See also Oliver v. Schmidt Transp., Inc.*, No. 11-1158-JAR, 2011 WL 4368999, at *2 (D. Kan. Sept. 19, 2011)

9

Defendants' counsel would be required to travel.  If the trial were in Wichita, travel would shift to Plaintiff's counsel.  Under the facts of this case, the convenience of counsel is outweighed by other accessibility concerns, particularly when the location of witnesses is so disparate and the case simply bears no other ties to Plaintiff's preferred forum.

The Court may also consider the potential cost of the Dodge City witnesses being absent from work when required to travel an additional 178 miles one way,[20] or the loss in patient revenue for those Wichita physicians potentially asked to testify in Kansas City.[21]  Requiring <u>all</u> of the in-state witnesses to incur additional unnecessary expenses and difficulties does not make this case easier or economical, and violates the mandate of Fed. R. Civ. P. 1 to this Court to "secure the just, speedy, and inexpensive determination" of this case.

## V. Conclusion

As the party seeking to transfer the case, defendant BHCMC bears the burden to demonstrate Plaintiff's selected forum is inconvenient.[22]  Because of the complete lack of connection to Kansas City, and because in-state witnesses would be forced to travel twice

---

(denying transfer from Wichita to Kansas City, despite defendants' counsel offices in Overland Park and Lawrence, Kansas); *Frederick v. S. Star Cent. Gas Pipeline, Inc.*, No. 10-1063-JAR, 2010 WL 4386911, at *4 (D. Kan. Oct. 29, 2010) (acknowledging the location of counsel as a factor in the court's decision, but granting transfer when counsel was located in both forums and the majority of the parties, witnesses and sources of proof are in the transferee forum).

[20] *See* discussion, *supra* p. 8.  Kansas City is approximately 336 miles from Dodge City, while Wichita is approximately 158 miles from Dodge City.

[21] *See McIntosh*, 2015 WL 1646402, at *3 (citing *Spires,* 2006 WL 1642701, at *3) (noting "The Court also may consider the cost of forcing medical practitioners to travel for trial testimony at the expense of time lost treating patients.").

[22] *Lopez-Aguirre*, 2014 WL 853748, at *1.

as far to Kansas City, with the accompanying costs in time and resources, the Court finds BHCMC has met its burden to demonstrate Kansas City is "substantially inconvenient."[23] "Simply put, this case has nothing to do with Kansas City . . . which makes the latter location far more convenient."[24]

**IT IS THEREFORE ORDERED** that defendant BHCMC's Motion for Determination of Place of Trial (**ECF No. 21**) is **GRANTED**.  The trial of this matter shall be held in Wichita, Kansas.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 12th day of January, 2018.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[23] *McIntosh*, 2015 WL 1646402, at *2.
[24] *Lopez-Aguirre*, 2014 WL 853748, at *2.